United States District Court
Southern District of Texas
**ENTERED**
March 19, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEBASTIAN WILLIE MEJIA, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. H-18-0150 |
| ROCKY N. MOORE, *et al.*, | § § | |
| *Defendants*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983 against employees of the Texas Department of Criminal Justice. Because plaintiff's claims appeared barred by limitations, the Court ordered him to show cause why his claims should not be dismissed. Plaintiff filed a timely response. (Docket Entry No. 6.)

Having screened the complaint and plaintiff's response to the show cause order pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court **DISMISSES** this lawsuit as barred by limitations.

**I. BACKGROUND AND CLAIMS**

Plaintiff complains that he was falsely classified as a gang member by prison officials in 2010 and placed in administrative segregation at the Ferguson Unit. He claims that his cell had unreliable utilities and was unsanitary, infested with vermin, rusty, and painted with lead-based paint. He further claims that he was given insufficient clothing, recreation, cleaning

supplies, and towels. He also states that he had inadequate access to law library materials, which purportedly caused him to lose a state court appeal in 2011. He filed the instant lawsuit in 2018, seeking monetary damages.

## II. ANALYSIS

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis* in a lawsuit against prison officials. Consequently, the lawsuit is subject to initial screening and *sua sponte* dismissal by the Court pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). These statutory provisions require a court to dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

There is no federal statute of limitations for section 1983 lawsuits. The relevant statute of the forum state furnishes the limitations period, but federal law determines the date a claim accrues. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). The Texas statute of limitations applicable to section 1983 actions is the two-year limitation found in Texas Civil Practice & Remedies Code § 16.003(a). *Burrell v. Newsome*, 883 F.2d 416, 419 (5th Cir. 1989); *see also Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993). Accrual of a section 1983 claim begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418. Thus, under federal law, a claim accrues the moment the plaintiff becomes aware that he has suffered an injury or has sufficient

information to know that he has been injured. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

A. <u>Classification as a gang member</u>

Plaintiff complains that he was falsely classified as a gang member by prison officials in 2010 and placed in administrative segregation at the Ferguson Unit. Plaintiff's pleadings show that he knew in 2010 that he had been classified as a gang member and placed in administrative segregation, giving rise to his alleged injury. Thus, his claim for improper classification accrued at some point in 2010 and expired two years thereafter.

In his response to the Court's show cause order, plaintiff argues that his claim is not barred by limitations because his claim is a continuing tort that accrues anew "at 12:00 a.m. every morning" he is improperly classified. Plaintiff's argument is unsupported in the law. Accrual under federal law begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418. With respect to arguments that a claim may still be pursued as a continuing tort, a claim accrues on a "continuing tort" under federal law when the plaintiff can file suit and obtain relief. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Bohannan v. Doe*, 527 F. App'x 283, 294 (5th Cir. 2013).[1]

---

[1] The Texas Supreme Court has not endorsed the continuing tort doctrine. *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 n.8 (Tex. 2005) ("[W]e do not reach the court of appeals' invocation of the 'continuing tort doctrine,' a doctrine we have neither endorsed nor addressed, but that has been used by some courts of appeals to toll limitations until the last act of intentional infliction occurs"). The Court is aware of the Fifth Circuit Court of Appeals's decision in *Moon v. City of El Paso*, 906 F.3d 352 (5th Cir. 2018), wherein the court made a prediction under the *Erie* Doctrine that the Texas Supreme Court would recognize false imprisonment as a continuing tort under state law. However, false imprisonment is not an issue in this case.

3

Plaintiff's allegations show that at some point in 2010, he became aware of the injury caused by the allegedly improper prison classification. Plaintiff shows no reason why he could not have filed suit and obtained relief within two years after he became aware of the injury, and his claim is **DISMISSED** as barred by limitations.

B. Access to courts

Plaintiff also claims that his First Amendment right of access to the courts was violated because his appeal in a state court case was denied in 2011. He contends that the appeal was denied because he was not allowed adequate time in the law library to research his case.

Plaintiff's complaint clearly shows that he became aware in 2011 that he had been injured by the denial of his direct appeal, purportedly due to a lack of access to legal materials. Consequently, limitations on plaintiff's access to courts claim accrued at some point in 2011 and expired two years later. Plaintiff has not proffered any viable legal argument or factual allegations showing that his claim is not barred by limitations, and the claim is **DISMISSED**.

C. Conditions of confinement

Plaintiff also claims that his housing in administrative segregation was unlawful because of unconstitutional conditions of confinement. He claims that his cell had unreliable utilities and was unsanitary, infested with vermin, rusty, and painted with lead-based paint. He further claims that he was not provided adequate clothing, recreation, cleaning supplies,

or towels. His factual allegations show that he was aware of these conditions and any resulting injury at some point in 2010, such that limitations expired two years later.

In his response to the Court's show cause order, plaintiff again argues that his claims are not barred because his conditions of confinement were a "continuing tort" that accrued every morning at midnight. However, accrual under federal law begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell*, 883 F.2d at 418. With respect to arguments that a claim may still be pursued as a continuing tort, a claim accrues on a "continuing tort" under federal law when the plaintiff can file suit and obtain relief. *Wallace*, 549 U.S. at 388; *Bohannan*, 527 F. App'x at 294.

Plaintiff states that the allegedly unconstitutional conditions of his confinement existed at the time he was placed in administrative segregation in 2010. Thus, his injury arose, and limitations accrued, at some point in 2010. Plaintiff shows no reason why he could not have filed suit and obtained relief within two years after he became aware of an injury caused by the allegedly unlawful conditions of his confinement. His claims for unconstitutional conditions of confinement are **DISMISSED** as barred by limitations.

D.  Administrative segregation

Plaintiff next complains that he was confined in administrative segregation without due process commencing in 2010 because of his improper classification as a gang member. Again, plaintiff's own pleadings show that he was aware he had been placed in

administrative segregation at some point 2010. Therefore, his injury was evident, and his claim accrued, in 2010 and limitations expired two years later.

To the extent plaintiff reiterates his "continuing tort" argument, he again shows no reason why he could not have filed suit within two years after he was placed in administrative segregation due to his classification as a gang member.

Plaintiff has not presented any viable legal argument or factual allegations showing that his claim is not barred by limitations, and the claim is **DISMISSED**.

### III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief predicated on expiration of limitations. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Any and all pending motions are **DISMISSED AS MOOT**.

**SIGNED** at Houston, Texas on the 18th day of March, 2021.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE